UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MICHELLE HANNON,

Plaintiff,

v.

FRANK BISIGNANO, Commissioner of Social Security,

Defendant.

Case No. 2:25-cv-02474-EJY

**ORDER**

Plaintiff Michelle Hannon ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") finding she was not disabled under the Social Security Act (the "Act"). ECF No. 12, Administrative Record ("AR") 53. The Court reviewed Plaintiff's Brief (ECF No. 12) and the Commissioner's Response (ECF No. 13). Plaintiff did not file a Reply. The Court finds as follows.

**I. BACKGROUND**

Plaintiff filed an application for Disability Insurance Benefits under Title II and Title XVI of the Act on July 26, 2018. ECF Nos. 12 at 3; 13 at 2. The Commissioner denied Plaintiff's applications initially on December 6, 2018 and upon reconsideration on February 27, 2019. *Id.* Plaintiff requested a hearing before an Administrative Law Judge (the "ALJ") that was held on December 9, 2021, and an unfavorable decision followed on March 2, 2022. *Id.*; AR 258. The Appeals Council granted Plaintiff's request for review on April 5, 2023. AR 283. On remand, a newly appointed ALJ held an initial hearing on September 15, 2023 and supplemental hearings on January 10, 2024, March 20, 2024, and September 13, 2024. ECF Nos. 12 at 3; 13 at 2. The ALJ published her unfavorable decision on January 8, 2025 finding Plaintiff was not disabled under the Act. AR 20. Plaintiff requested review by the Appeals Council, but her request was denied on October 14, 2025. AR 6-8. Plaintiff seeks judicial review of the Commissioner's decision under 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if it is based on correct legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is "more than a mere scintilla." More than a scintilla of evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (quoting *Biestek v. Berryhill*, 587 U.S. 97, 103) (2019) further citations omitted)). In reviewing the Commissioner's alleged errors, the Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986) (internal citations omitted).

"When the evidence before the ALJ is subject to more than one rational interpretation, … [the court] must defer to the ALJ's conclusion." *Batson*, 359 F.3d at 1198, *citing Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). However, a reviewing court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (internal citation omitted). And, a court may not reverse an ALJ's decision based on a harmless error. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal citation omitted). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## III. ESTABLISHING DISABILITY UNDER THE ACT

To establish whether a claimant is disabled under the Social Security Act, there must be substantial evidence that:

> 1. the claimant suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and
>
> 2. the impairment renders the claimant incapable of performing the work that the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999), *citing* 42 U.S.C. § 423(d)(2)(A). "If a claimant meets both requirements, he or she is disabled." *Id*. (internal quotations omitted).

The ALJ uses a five-step sequential evaluation process to determine whether a claimant is disabled within the meaning of the Act. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a). Each step is potentially dispositive and "if a claimant is found to be 'disabled' or 'not-disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (internal citation omitted); 20 C.F.R. § 404.1520. The claimant carries the burden of proof at steps one through four, and the Commissioner carries the burden of proof at step five. *Tackett*, 180 F.3d at 1098.

The five steps consider:

> Step 1. Is the claimant presently working in a substantially gainful activity? If so, then the claimant is "not disabled" within the meaning of the Social Security Act and is not entitled to disability insurance benefits. If the claimant is not working in a substantially gainful activity, then the claimant's case cannot be resolved at step one and the evaluation proceeds to step two. 20 C.F.R. § 404.1520(b).
>
> Step 2. Is the claimant's impairment severe? If not, then the claimant is "not disabled" and is not entitled to disability insurance benefits. If the claimant's impairment is severe, then the claimant's case cannot be resolved at step two and the evaluation proceeds to step three. 20 C.F.R. § 404.1520(c).
>
> Step 3. Does the impairment "meet or equal" one of a list of specific impairments described in the regulations? If so, the claimant is "disabled" and therefore entitled to disability insurance benefits. If the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, then the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. 20 C.F.R. § 404.1520(d).
>
> Step 4. Is the claimant able to do any work that he or she has done in the past? If so, then the claimant is "not disabled" and is not entitled to disability insurance benefits. If the claimant cannot do any work he or she did in the past, then the claimant's case cannot be resolved at step four and the evaluation proceeds to the fifth and final step. 20 C.F.R. § 404.1520(e).
>
> Step 5. Is the claimant able to do any other work? If not, then the claimant is "disabled" and therefore entitled to disability insurance benefits. 20 C.F.R. § 404.1520(f)(1). If the claimant is able to do other work, then the Commissioner must establish that there are a significant number of jobs in the national economy that the claimant can do. There are two ways for the Commissioner to meet the burden of showing that there is other work in "significant numbers" in the national economy that claimant can do: (1) by the testimony of a vocational expert [("VE")], or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2. If the Commissioner meets this burden, the claimant is "not disabled" and therefore not entitle116d to disability insurance benefits. 20 C.F.R. §§ 404.1520(f), 404.1562. If the Commissioner cannot meet this burden, then the claimant is "disabled" and therefore entitled to disability benefits. *Id.*

## IV. SUMMARY OF THE ALJ'S DECISION

At step one of the sequential process the ALJ found Plaintiff had not engaged in substantial gainful activity since July 1, 2014, her alleged onset date of disability. AR 26. At step two, the ALJ identified Plaintiff's severe impairments as: "interstitial cystitis, overactive bladder, urinary tract infections, degenerative disc disease of the lumbar spine, levoscoliosis, depression, anxiety, and attention deficit hyperactivity disorder (ADHD)." *Id.* At step three, the ALJ determined Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in" the applicable regulations. AR 30. The ALJ then found Plaintiff retained the residual functional capacity ("RFC") to perform light work with various limitations. AR 34. Though the ALJ found Plaintiff unable to perform any past relevant work, she nevertheless retained the RFC to perform jobs existing in significant numbers in the national economy. AR 50-51. Thus, the ALJ concluded Plaintiff was not disabled under the Act. AR 53.

## V. DISCUSSION

a. <u>Issues Before the Court</u>.

Plaintiff raises two issues for the Court: (1) whether the ALJ properly assessed the medical opinion of Dr. Rainer S. Vogel, and (2) whether the ALJ provided clear and convincing reasons, supported by substantial evidence, to reject Plaintiff's subjective symptom testimony. ECF No. 12 at 5, 18.

b. <u>The ALJ's Finding Related to Dr. Vogel's Opinion is Supported by Substantial Evidence</u>.

The "most important factors" an ALJ must consider in assessing medical opinions are supportability and consistency. 20 C.F.R. § 404.1520c(b)(2). When determining the persuasiveness of a medical opinion based on these factors, an ALJ must still support their findings with substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). ("[A]n ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence."). Under the substantial evidence standard, an ALJ must "articulate ... how persuasive" it finds each medical opinion and "explain how [they] considered the supportability and consistency factors" in reaching this finding. *Id.* "Supportability means the

extent to which a medical source supports the medical opinion by explaining the relevant ... objective medical evidence." *Id.* at 791-92 (internal quotations omitted). "Consistency means the extent to which a medical opinion is 'consistent ... with the evidence from other medical sources and nonmedical sources in the claim." *Id.* (internal quotations omitted).

The ALJ found Dr. Vogel's opinion to be "not entirely persuasive" because it was poorly explained and lacked citations to treatment records to support the limitations opined[1], particularly those relating to her ability to sit and stand. AR 49. Plaintiff contends that "[a]lthough Dr. Vogel's opinion was provided in checkbox form with minimal narrative explanation, such opinions are not inherently deficient when the yet are supported by the provider's treatment records and longitudinal observations." ECF No. 12 at 9 (citing *Garrison v. Colvin*, 759 F.3d 995, 1013-14 (9th Cir. 2014)). But the ALJ found the opinion unpersuasive precisely because it was unsupported. AR 49. Thus, Plaintiff fails to show error here. *See Kitchen v. Kijakazi*, 82 F.4th 732 (9th Cir. 2023) ("we have accepted the discounting of a medical opinion set forth in a checkbox form with little to no explanation."); *Weiss v. Kijakazi*, Case No. 22-35557, 2023 WL 4030839, at *1 (9th Cir. June 15, 2023) ("These opinions were in check-box form and were not accompanied by explanation or narrative. Because these opinions contained little in terms of 'objective medical evidence and supporting explanations,' the ALJ reasonably found them unpersuasive.") (citing 20 C.F.R. § 404.1520c(c)(1)).

Nonetheless, Plaintiff argues that substantial evidence does not support the ALJ's conclusion, citing numerous entries in the record noting Plaintiff's worsening pain, which would in turn support Dr. Vogel's proposed limitations. ECF No. 12 at 7-8. The Commissioner responds, "supportability refers to the objective evidence a medical source offers in support of his opinion" and argues that Plaintiff's citations do not show objective support for his opinion but rather, that she complained of high levels of pain. ECF No. 13 at 14 (citing *Woods*, 32 F.4th at 791-92).

Indeed, the problem with Plaintiff's argument is she fails to show objective evidence to undermine the ALJ's assessment of Dr. Vogel's opinion. Instead, her citations relate to information

[1] Dr. Vogel opined that Plaintiff could "stand/walk two hours, sit two hours; occasionally lift up ten pounds, rarely twenty pounds; never look up, rarely look down, turn her head left or right, or hold her head in a steady static position, and that she would miss more than four days per month." AR 49.

found under the heading "HPI," meaning "History of Present Illness." Without limitation, AR 2469, 2484, 2497, 2540, 2614, 2662. As District Courts across the country have explained, a plaintiffs' subjective account of their symptoms does not become an objective medical finding by virtue of appearing in the "HPI" section of treatment notes. *Benavides v. Comm'r of Soc. Sec.*, Case No. 1:25-CV-01488-GSA, 2026 WL 710306, at *6 (E.D. Cal. Mar. 13, 2026) ("the fact that Plaintiff's <u>subjective account of seizure frequency</u>… happens to appear <u>in a medical record</u> under 'HPI' (history of present illness), simply does not transform it into an objective finding.) (emphasis in original); *Robert I. v. O'Malley*, Case No. 1:22-CV-1892, 2024 WL 3102224, at *9 (D.N.J. June 24, 2024) ("the mere memorialization of a claimant's subjective complaints in a medical record does not transform those complaints into an objective finding or medical opinion.") (collecting cases); *Snedden v. Colvin*, Case No. 14 C 9038, 2016 WL 792301, at *9 (N.D. Ill. Feb. 29, 2016) ("Plaintiff overlooks that the HPI is not a portion of the treatment note where a doctor offers an objective assessment or opinion. Instead, the HPI merely reflects the patient's subjective statements about the problem for which she is seeking care and a history of that problem, if any."). Plaintiff also argues that the ALJ improperly found inconsistency between Dr. Vogel's opinion and treatment notes. ECF No. 12 at 10.

The Court finds Plaintiff's argument is nothing more than an invitation to reweigh the evidence, which is a practice this court will not engage in. *Blacktongue v. Berryhill*, 229 F.Supp.3d 1216, 1218 (W.D. Wash. Jan. 25, 2017) (citing *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002)). For the reasons explained above, Plaintiff fails to establish that the ALJ failed to consider Dr. Vogel's opinion and her request to remand on this ground is denied.

c. <u>The ALJ's Articulated Clear and Convincing Reasons for Discounting Plaintiff's Subjective Symptom Testimony</u>.

"Once the claimant produces medical evidence of an underlying impairment, the Commissioner may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence." *Berry v. Astrue*, 622 F.3d 1228, 1234 (9th Cir. 2010) (quoting *Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1995)). The ALJ "must provide specific, cogent reasons for the disbelief." *Id.* (internal citations and quotations omitted). Here, "the ALJ must

identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (internal citations and quotations omitted). If the ALJ's credibility determination "is supported by substantial evidence in the record, the Court may not engage in second-guessing." *Tony G. v. Kijakazi*, Case No. 2:22-cv-00312-BNW, 2023 WL 4542132, at *3 (D. Nev. July 14, 2023) (citing *Thomas*, 278 F.3d at 959).

Inconsistency and contradiction with medical evidence are clear and convincing reasons to discount a plaintiff's subjective symptom testimony. *E.g. Carmickle v. Comm'r, Social Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). Moreover, "inconsistent treatment history is a specific and legitimate reason to discount [a plaintiff's] allegations related to constant, debilitating pain and other limitations." *Tanya R.D. v. Kijakazi*, Case No. 5:21-CV-00525-JC, 2022 WL 4109451, at *4 (C.D. Cal. Sept. 8, 2022) (collecting cases).

At its core, the issue is whether the ALJ provided clear and convincing reasons to discount Plaintiff's testimony that she is "unable to stand or sit for long and has to have ice with her all the time; and that she spends all day in the restroom with ice." AR 44. The ALJ properly found this testimony to be contradicted by the medical evidence in the record. Plaintiff's treatment providers "consistently" found Plaintiff's gait and strength to be normal and unremarkable. *Id.* Considering the lengthy discussion of the medical evidence in the ALJ's decision, specifically at AR 36-41, the Court finds the ALJ's finding to be supported by substantial evidence when looking to "*all* pages" of the decision." *Kaufmann v. Kijakazi*, 32 F.4th 843, 851 (9th Cir. 2022) (emphasis in original); *see also Perez v. Kijakazi*, Case No. 2:22-CV-02014-NJK, 2023 WL 5274902, at *3 (D. Nev. Aug. 16, 2023). Moreover, Plaintiff sought no urology treatment for a two year period from April 2021 to March 2023, and the treatment she pursued in 2023 was infrequent. AR 38, 44. While Plaintiff may disagree with the ALJ's decision, it is "not the court's role to 'second-guess' an ALJ's reasonable interpretation of a claimant's testimony." *Smartt v. Kijakazi*, 53 F.4th 489, 500 (9th Cir. 2022) (citing *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Thomas*, 278 F.3d at 959). Accordingly, the Court finds the ALJ's decision to discount Plaintiff's debilitating symptom testimony to be supported by clear and convincing reasons backed by substantial evidence in the record.

## VI. ORDER

IT IS HEREBY ORDERED that Plaintiff's Brief (ECF No. 12) is DENIED.

IT IS FURTHER ORDERED that judgment is entered in favor of the Commissioner of Social Security.

IS FURTHER ORDERED that the Clerk of Court must close this case.

Dated this 16th day of November, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE